UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joe Ward,<br><br>                  Plaintiff,<br><br>vs.<br><br>Doctor Leopoldo Muniz;<br>Cathy Brown;<br>Nurse Harris;<br>Nurse Roshell Smith;<br>Aiken County Sheriff's Office,<br><br>                  Defendants. | ) C/A No. 4:12-3303-SB-TER<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Report and Recommendation<br>)  for Partial Summary Dismissal<br>)<br>)<br>)<br>) |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at Evans Correctional Institution, alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to a district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss defendant Aiken County Sheriff's Office from this action, without prejudice and without issuance and service of process. In a separately docketed order, the undersigned has authorized service against the remaining defendants.

Factual and Procedural Background

The instant complaint alleges that the defendants denied Plaintiff medical care at the Aiken County Detention Center between April 6, 2011, and October 21, 2011. ECF No. 1, page 3. Plaintiff indicates that he suffered from a "preexisting eye disease Glaucoma and a preexisting large hernia" at the time of arrest. *Id.* The defendants allegedly "did nothing for plaintiff's serious medical needs," *id.*, despite knowledge that Plaintiff needed surgery for the hernia. *Id.* at 4. Plaintiff

also states that he "filled out medical request forms for two and a half months 2 ½ complaining that without [] medication," he would suffer severe pain and loss of eyesight. *Id.* at 6. Plaintiff's eyes were not examined until June 17, 2011, at which time he was informed by a private physician that severe damage had been caused by the delay in treatment. *Id.* Plaintiff seeks monetary damages. *Id.* at 18.

## Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could

prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint provides sufficient factual allegations against the individuals named in this action to withstand dismissal at the initial stage of review. However, Plaintiff's claims against the Aiken County Sheriff's Office are subject to summary dismissal.

In South Carolina, a sheriff's department is an agency of the state, *Carroll v. Greenville County Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) (suit against the sheriff's office is suit against the state); *Gulledge v. Smart*, 691 F. Supp. 947, 954–55 (D.S.C. 1988), which is protected from suit under § 1983 by the Eleventh Amendment. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890). The Supreme Court "has consistently held that an unconsenting State is immune from suits

brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Such immunity extends to arms of the state, including a state's agencies and instrumentalities. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *see also Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[1] Because the Aiken County Sheriff's Office is an agency of the state, entitled to Eleventh Amendment immunity from Plaintiff's claims, this defendant should be summarily dismissed from the case. *Stewart v. Beaufort County*, 481 F. Supp. 2d 483, 492 (D.S.C. 2007) ("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity.").

## Conclusion

Accordingly, it is recommended that defendant Aiken County Sheriff's Office be dismissed from this case, *without prejudice* and without issuance and service of process.

IT IS SO RECOMMENDED.

|  |  |
|---|---|
| February 6, 2013 | s/Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[1] Congress has not abrogated the states' sovereign immunity under § 1983. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). Further the State of South Carolina has not consented to suit in federal district court. *See* S.C. Code Ann § 15-78-20(e).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).