IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED
CLERK, CHARLESTON, SC

2014 MAR 26  P 12: 03

| | |
|---|---|
| Joe Ward, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Dr. Muniz; Nurse Cathy Brown; Nurse | ) |
| Harris; and Nurse Roshell Smith, | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 4:12-3303-SB

**ORDER**

This matter is before the Court upon Plaintiff Joe Ward's ("the Plaintiff" or "Ward")

pro se complaint filed pursuant to 42 U.S.C. § 1983. At all times relevant to the allegations

in the complaint, the Plaintiff was housed in the Aiken County Detention Center ("ACDC").

The Defendants filed a motion for summary judgment on June 6, 2013. Thereafter, the

Plaintiff received an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),

informing him of the need to respond to the Defendants' motion. He filed a response in

opposition to the Defendants' motion on July 12, 2013. Thereafter, the Defendants filed

replies, and the Plaintiff filed sur-replies.

On October 31, 2013, United States Magistrate Judge Thomas E. Rogers III issued

a report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and

Local Civil Rule 73.02(B)(2)(g), D.S.C. In the R&R, the Magistrate Judge determined that

the Plaintiff failed to show that the Defendants violated any of his constitutional rights and

recommended that the Court grant the Defendants' motion for summary judgment. The

Plaintiff filed objections to the R&R, and the Defendants filed a reply.

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility for making the final determination remains with the Court. Mathews v. Weber, 423 US. 261, 269 (1976).  The Court reviews de novo those portions of the R&R to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

### II.     Summary Judgment

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  All evidence should be viewed in the light most favorable to the non-moving party. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).  Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327.  Summary judgment will be granted unless a reasonable

2

jury could return a verdict for the nonmoving party on the evidence presented.  <u>Anderson</u>, 477 U.S. at 248.

## DISCUSSION

In this action, the Plaintiff alleges that he was jailed at the ACDC from April 6, 2011, until October 21, 2011, when he was transferred into the custody of the South Carolina Department of Corrections.  He asserts that when he was arrested, he had a pre-existing eye disease, glaucoma, as well as a pre-existing hernia.  He claims that he reported these serious medical conditions to the ACDC and requested to be examined by a physician but that the ACDC officials did nothing.  The Plaintiff admits that he was taken to Aiken Regional Medical Center on April 7, 2011, because of severe pain from the hernia, and he alleges that a doctor examined him and told him that he required hernia surgery. According to the Plaintiff, however, the officials at the ACDC did not permit him to have the surgery and refused to give him any medical treatment.

The Plaintiff also states that he filled out a medical request form on April 12, 2011, to be seen concerning his eye disease, but he asserts that Nurse Brown and Dr. Muniz refused him medical treatment.  He alleges that the ACDC officials deliberately delayed giving him treatment, which caused pain and damage to his eyes.  The Plaintiff admits that he was taken to be examined by an ophthalmologist on June 17, 2011, and claims that the ophthalmologist stated that the Plaintiff's eyes had been damaged and that the pressure was too high.  The Plaintiff alleges that the Defendants knew or should have known of his medical needs, but that they refused to give him any medical treatment, and he requests actual and punitive damages.

The Defendants filed a motion for summary judgment along with medical records

3

of the Plaintiff and the affidavits of Nurse Brown and Doctor Muniz. In their motion, the Defendants argue that they are entitled to summary judgment because the Plaintiff has not established a federally protected claim. They point to the progress notes and medical records, as well as the affidavits of Nurse Brown and Dr. Muniz, as evidence demonstrating that the Plaintiff did receive care for his medical needs, contrary to his assertions.

In the R&R, the Magistrate Judge outlined the facts and the legal principles and determined that, even if the Plaintiff's allegations are true, he has shown nothing more than a disagreement with the medical treatment he received and not that he was completely denied medical treatment. The Magistrate Judge also noted that mistakes of medical judgment, even if they occurred here, do not rise to the level necessary to establish a claim for deliberate indifference. Because the Magistrate Judge found that the evidence does not demonstrate any deliberate indifference to the Plaintiff's serious medical needs, the Magistrate Judge recommended that the Court grant the Defendants' motion for summary judgment.

The Plaintiff filed objections to the R&R, reiterating his claims and attaching new medical records from March and April of 2012, which indicate that the Plaintiff ultimately received surgery for his hernia. As the Defendants point out in their reply, however, the new medical records reflect conditions subsequent to the Plaintiff's time at the ACDC and are not relevant to the medical treatment he received from the ACDC officials between April 6, 2011, until October 21, 2011. In any event, the Court has reviewed all of the evidence of record and finds the Plaintiff's objections to be without merit for the following reasons.

As the Magistrate Judge noted, to establish a claim of deliberate indifference under

4

the Eighth Amendment, the Plaintiff must show that the Defendants committed acts or omissions sufficiently harmful to demonstrate deliberate indifference for the Plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Specifically, the Plaintiff must satisfy two elements: (1) that objectively the deprivation suffered or the injury received was serious, and (2) that subjectively the prison officials were deliberately indifferent to the Plaintiff's serious medical needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). This "entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 835. "It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997) (citation omitted). "Negligence or malpractice in the provision of medical services does not constitute a claim under section 1983." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). As the Supreme Court stated in Estelle:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

429 U.S. at 106.

Here, as the Magistrate Judge noted, the evidence of record contradicts the Plaintiff's claim that he did not receive any medical treatment for his hernia or glaucoma. Indeed, the Plaintiff admits that he was taken to the hospital the day after he was admitted

5

at the ACDC due to pain from the hernia.  Although the Plaintiff complains that he needed surgery at that time, the Plaintiff's medical notes from the hospital visit indicate that the hernia was reduced.  Next, with respect to his glaucoma, the Plaintiff admits that he filled out a medical request form on April of 2011 to be seen by a doctor.  Thereafter, the Defendants contacted and arranged an appointment for the Plaintiff with his own ophthalmologist.  The Plaintiff complains that the Defendants deliberately delayed the appointment, but the record also indicates that prior to the appointment, Dr. Muniz prescribed eye drops to treat the Plaintiff's condition.  The Plaintiff refused to use the drops prescribed by Dr. Muniz, however, asserting that they were not the right kind.  In any event, on June 17, 2011, the Plaintiff was taken to his appointment with his ophthalmologist, where he received new eye drops, and he was scheduled for a follow-up appointment on July 14.  The Plaintiff did not attend the follow-up appointment, however, because he refused to be restrained for transport, complaining that the restraints bothered his hernia.

After a thorough consideration of the evidence of record, the Court finds that, contrary to the Plaintiff's assertion that the Defendants refused to treat him or provide any medical care, the record shows that the Plaintiff did receive medical care for his hernia and glaucoma (among other things) during the six months he was housed at the ACDC. Although the Plaintiff disagrees with the extent and nature of the medical treatment he received, the Court finds that the evidence of record falls far short from establishing a claim of deliberate indifference on behalf of the Defendants.  As the Magistrate Judge noted, prisoners do not have a constitutionally protected right "to the treatment of his or her choice," and "mere disagreement as to the proper medical treatment" does not constitute deliberate indifference.  See King v. United States, 536 F. App'x 358, 363 (4th Cir. 2013)

(quoting <u>Spruill v. Gills</u>, 372 F.3d 218, 235 (3d Cir. 2004)); <u>see also</u> <u>Wright</u>, 766 F.2d at 849 ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged.").

The Plaintiff may, of course, pursue a claim in state court if he believes that the medical care he received amounted to medical malpractice, but that is not the issue before the Court. <u>See</u> <u>Estelle</u>, 429 U.S. at 106. Here, the Court finds the evidence insufficient to raise a genuine issue of material fact as to whether the Defendants were deliberately indifferent to the Plaintiff's serious medical needs. Accordingly, the Court agrees with the Magistrate Judge that the Defendants are entitled to summary judgment.

## CONCLUSION

Based on the foregoing, the Court hereby adopts the R&R (Entry 73) and incorporates it herein; the Court overrules the Plaintiff's objections (Entry 78); and the Court grants the Defendants' motion for summary judgment (Entry 42).

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

March **26**, 2014
Charleston, South Carolina



7